

**U.S. Department of Justice**

*Andrew E. Lelling*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

December 13, 2018

Keren Goldenberg, Esq.
19A Alexander Avenue
Belmont, MA 02478

Re:   United States v. Maynor Maltez Romero
      Criminal No. 18-cr-10446

Dear Ms. Goldenberg:

The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Maynor Maltez Romero ("Defendant"), agree as follows with respect to the above-referenced case:

1. Change of Plea

At the earliest practicable date, Defendant shall waive indictment and plead guilty to the Information charging him with racketeering in violation of 18 U.S.C. §§ 1961 and 1962(c). Defendant expressly and unequivocally admits that he committed the crime charged in the Information, did so knowingly, intentionally, and willfully, and is in fact guilty of that offense and the two racketeering acts specified in the Information.

Defendant further agrees that his racketeering activity involved the murder of Herson Rivas on or about July 30, 2018, as alleged in Racketeering Act One, and his racketeering activity involved a conspiracy to murder, as alleged in Racketeering Act Two.

Defendant also agrees to waive venue, to waive any applicable statute of limitations, and to waive any legal or procedural defects in the Information.

Defendant further agrees to the accuracy of the attached statement of facts and waives any protections under Fed. R. Evid. 410 as to the attached statement of facts. Defendant acknowledges that the following statement of facts may be used against him in any future prosecution, including if he chooses not to plead guilty to the Information, attempts to withdraw his guilty plea or challenge his conviction, or otherwise breaches the Plea Agreement.

2. <u>Penalties</u>

Defendant faces the following maximum penalties on count one of the Information: incarceration for up to life in prison; supervised release for up to 5 years; a fine of up to $250,000; a mandatory special assessment of $100; restitution; and forfeiture.

Defendant also recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including defense counsel and the District Court, can predict to a certainty the effect of this conviction on Defendant's immigration status. Defendant nevertheless affirms his decision to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is Defendant's automatic removal from the United States.

3. <u>Sentencing Guidelines</u>

The sentence to be imposed upon Defendant is within the discretion of the District Court ("Court"), subject to the statutory maximum penalties set forth above and the provisions of the Sentencing Reform Act, and the advisory United States Sentencing Guidelines ("USSG" or "Guidelines"). While the Court may impose a sentence up to and including the statutory maximum term of imprisonment and statutory maximum fine, it must consult and take into account the USSG and the other factors set forth in 18 U.S.C. § 3553(a) in imposing a sentence.

The parties have only a limited understanding as to the application of the USSG. The parties agree that in accordance with USSG §§ 2E1.1(a)(2) and 2A1.1(a), Defendant's base offense level is 43, because his underlying racketeering activity involved a first degree murder. The parties otherwise have no agreement as to the application of the USSG and reserve all rights with respect to how the USSG apply to Defendant, including the application of any provisions regarding mitigating or aggravating factors that may reduce or increase the Defendant's offense level.

If Defendant contends that there is a basis for departure from, or a sentence outside, the otherwise applicable Guidelines sentencing range based on Defendant's medical, mental, and/or emotional condition, or otherwise intends to rely on any such condition at sentencing, Defendant will, forthwith upon request, execute all releases and other documentation necessary to permit the U.S. Attorney and his experts (including Bureau of Prisons medical personnel) to obtain access to Defendant's medical, psychiatric, and psychotherapeutic records and will also provide to the U.S. Attorney forthwith copies of any such records already in Defendant's possession. In addition, Defendant will authorize Defendant's care providers to discuss Defendant's condition with the U.S. Attorney and his agents (including Bureau of Prisons medical personnel), as well as experts retained by the U.S. Attorney. Defendant also agrees to submit to examinations and interviews with experts retained by and chosen by the U.S. Attorney (including Bureau of Prisons medical personnel).

The U.S. Attorney reserves the right to oppose Defendant's argument(s) for a departure from, or a sentence outside, the USSG under the factors set forth in 18 U.S.C. § 3553(a).

Based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's adjusted offense level under USSG § 3E1.1.

The U.S. Attorney reserves the right not to recommend a reduction under USSG § 3E1.1 if, at any time between Defendant's execution of this Plea Agreement and sentencing, Defendant:

a) Fails to admit a complete factual basis for the plea;

b) Fails to truthfully admit Defendant's conduct in the offense of conviction;

c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG § 1B1.3;

d) Fails to provide truthful information about Defendant's financial status;

e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG § 1B1.3;

f) Engages in acts that form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG § 3C1.1;

g) Intentionally fails to appear in Court or violates any condition of release;

h) Commits a crime;

i) Transfers any asset protected under any provision of this Plea Agreement; or

j) Attempts to withdraw Defendant's guilty plea.

Defendant understands and acknowledges that Defendant may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that Defendant receive a reduction in offense level for acceptance of responsibility. Defendant also understands and acknowledges that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the U.S. Attorney may seek an upward adjustment pursuant to USSG § 3C1.1 if Defendant obstructs justice after the date of this Plea Agreement.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4.  Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence before the Court:

   a) incarceration at the low end of the Guidelines sentencing range as calculated by the Court at sentencing, excluding departures;

   b) a fine at the low end of the Guidelines sentencing range as calculated by the Court at sentencing, excluding departures, unless the Court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

   c) 60 months of supervised release;

   d) a mandatory special assessment of $100, which Defendant must pay to the Clerk of the Court on or before the date of sentencing (unless Defendant establishes to the Court's satisfaction that Defendant is unable to do so);

   e) restitution; and

   f) forfeiture as set forth in Section 8.

Defendant agrees to provide the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which Defendant intends to rely at sentencing not later than 10 days before sentencing. Any basis for sentencing as to which Defendant has not provided the U.S. Attorney all such items at least 10 days before sentencing shall be deemed waived.

5.  Waiver of Rights to Appeal and to Bring Future Challenge

   a) Defendant has conferred with his attorney and understands that he has the right to challenge both his conviction and his sentence (including any orders relating to the terms and conditions of supervised release, fines, forfeiture, and restitution) on direct appeal. Defendant also understands that, in some circumstances, Defendant may be able to argue in a future proceeding (collateral or otherwise), such as pursuant to a motion under 28 U.S.C. § 2255, 28 U.S.C. § 2241, or 18 U.S.C. § 3582(c), that Defendant's conviction should be set aside or Defendant's sentence (including any orders relating to the terms and conditions of supervised release, fines, forfeiture, and restitution) set aside or reduced.

   b) Defendant waives any right to challenge Defendant's conviction on direct appeal or in a future proceeding (collateral or otherwise).

   c) Defendant agrees not to file a direct appeal or challenge in a future proceeding (collateral or otherwise) any sentence of imprisonment of 180 months or less or any orders relating to the terms and conditions of supervised release, fines,

forfeiture, and restitution. This provision is binding even if the Court's Guidelines analysis is different from that set forth in this Plea Agreement.

d) This Plea Agreement does not affect the rights of the United States as set forth in 18 U.S.C. § 3742(b). Defendant understands and acknowledges that the U.S. Attorney has retained all appeal rights.

e) Regardless of the previous sub-section, Defendant reserves the right to claim that: (i) Defendant's lawyer rendered ineffective assistance of counsel under Strickland v. Washington; or (ii) the prosecutor in this case engaged in misconduct that entitles Defendant to relief from Defendant's conviction or sentence.

6. Other Post-Sentence Events

a) If, despite the waiver provision of sub-section 5(c), Defendant appeals or challenges in a future proceeding (collateral or otherwise) Defendant's sentence, the U.S. Attorney reserves the right to argue the correctness of the sentence imposed by the Court (in addition to arguing that any appeal or future challenge (collateral or otherwise) is waived as a result of the waiver in sub-section 5(c)).

b) If, despite the waiver provision of sub-section 5(c), Defendant seeks re-sentencing, Defendant agrees not to seek to be re-sentenced with the benefit of any change to the Criminal History Category that the Court calculated at the time of Defendant's original sentencing, except to the extent that Defendant has been found actually factually innocent of a prior crime.

c) In the event of a re-sentencing following an appeal from or future challenge (collateral or otherwise) to Defendant's sentence, the U.S. Attorney reserves the right to seek a departure from and a sentence outside the USSG if, and to the extent, necessary to reinstate the sentence the U.S. Attorney advocated at Defendant's initial sentencing pursuant to this Plea Agreement.

7. Court Not Bound by Plea Agreement

The parties' sentencing recommendations and their respective calculations under the USSG are not binding upon the U.S. Probation Office or the Court. Within the maximum sentence Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the Court. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed, or because the U.S. Probation Office or the Court declines to follow the parties' USSG calculations or recommendations. Should the Court decline to follow the U.S. Attorney's USSG calculations or recommendations, the U.S. Attorney reserves the right to defend the Court's calculations and sentence in any direct appeal or future challenge (collateral or otherwise).

8.   Forfeiture

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

Defendant also agrees to waive all constitutional, legal and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement. Defendant agrees not to challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Plea Agreement, and will not assist any third party with regard to such challenge or review.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

9.   Civil Liability

By entering into this Plea Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, Defendant may have incurred or may incur as a result of Defendant's conduct and plea of guilty to the charges specified in Section 1 of this Plea Agreement.

10.   Rejection of Plea by Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on Defendant's motion, this Plea Agreement shall be null and void at the option of the U.S. Attorney.

11.   Breach of Plea Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Plea Agreement, has violated any condition of Defendant's pretrial release, or has committed any crime following Defendant's execution of this Plea Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Plea Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, regardless whether he elects to be released from his commitments under this Plea Agreement. Further, the U.S. Attorney may pursue any and all charges that have been, or are to be, dismissed pursuant to this Plea Agreement. Defendant recognizes that his breach of any obligation under this Plea Agreement shall not give rise to grounds for withdrawal of Defendant's guilty plea, but will give the U.S. Attorney the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements made by Defendant and any information, materials, documents or objects provided by

Defendant to the government, without any limitation, regardless of any prior agreements or understandings, written or oral, to the contrary. In this regard, Defendant hereby waives any defense to any charges that Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

12.  Who is Bound by Plea Agreement

This Plea Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state, or local prosecutive authorities.

13.  Modifications to Plea Agreement

This Plea Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Kunal Pasricha.

Very truly yours,

ANDREW E. LELLING
United States Attorney

By: _____
GLENN A. MACKINLAY
*Chief, Organized Crime & Gang Unit*
TIMOTHY E. MORAN
*Deputy Chief, Organized Crime & Gang Unit*

_____
KUNAL PASRICHA
PHILIP A. MALLARD
*Assistant United States Attorneys*

7

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter (or I have had this letter read to me in my native language) in its entirety and discussed it with my attorney. I hereby acknowledge that (a) it accurately sets forth my plea agreement with the United States Attorney's Office for the District of Massachusetts; (b) there are no unwritten agreements between me and the United States Attorney's Office; and (c) no official of the United States has made any unwritten promises or representations to me, in connection with my change of plea. In addition, I have received no prior offers to resolve this case. I understand the crime to which I have agreed to plead guilty, the maximum penalties for that offense, and the Sentencing Guideline penalties potentially applicable to it. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charge against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Plea Agreement freely, voluntarily, and knowingly because I am guilty of the offense to which I am pleading guilty, and I believe this Plea Agreement is in my best interest.

MAYNOR MALTES ROMERO
Defendant

Date: 1/14/2019

I certify that Maynor Maltez Romero has read this Plea Agreement (or has had this Plea Agreement read to him in his native language) and that we have discussed its meaning. I believe he understands the Plea Agreement and is entering into the Plea Agreement freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

KEREN GOLDENBERG
Attorney for Defendant

Date: 1-14-19

8

## STATEMENT OF FACTS

Maynor Maltez Romero ("Defendant") admits to the following:

From a date unknown to at least August 2018, Defendant was a member of La Mara Salvatrucha or MS-13, a street gang that operates in Massachusetts and multiple other states, as well as in other countries. Defendant was a member of the Sykos Locos Salvatrucha or SLS clique of MS-13. Defendant, along with other members or associates of MS-13, knowingly and intentionally participated in the activities of MS-13. As a member of MS-13, Defendant knew and agreed that at least some member of MS-13 would commit two or more racketeering acts. The racketeering acts that Defendant agreed to commit as a member of MS-13 included murder and conspiracy to commit murder.

On or about July 30, 2018, Defendant knowingly participated in the murder of Herson Rivas a/k/a "Smiley" in Lynn, Massachusetts. Defendant knowingly participated in this murder with fellow MS-13 members Erick Lopez Flores, a/k/a "Mayimbu," Henri Salvador Gutierrez, a/k/a "Perverso," Eliseo Vaquerano Canas, a/k/a "Peligroso," Jonathan Tercero Yanes, a/k/a "Desarmado," and Marlos Reyes, a/k/a "Silencio." The murder of Rivas was in furtherance of the MS-13 enterprise and furthered the goals and purposes of MS-13.

Defendant shared the intent to murder Rivas and consciously acted before and during the murder with the intent of making the murder succeed. Defendant knowingly participated in the murder in several ways, including by (i) being part of the planning or agreement to murder Rivas, (ii) helping transport Rivas to the scene of the murder with knowledge that the group planned to murder Rivas, (iii) being present at the scene of the murder while armed, and (iv) aiding those who committed the murder, including by being ready, willing, and able to provide further assistance if such help became necessary.

_/s/ Maynor Maltes Romero_
MAYNOR MALTES ROMERO
Defendant

Date: 1/14/2019